**CLOSED**

**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANDRE FAIN, | : |
| : | Civil Action |
| Plaintiff, | : 06-4404 (JAP) |
| : |  |
| v. | : **O P I N I O N** |
| : |  |
| EVELYN MORGAN, et al., | : |
| : |  |
| Defendants. | : |

**APPEARANCES:**

    ANDRE FAIN, #218328/SBI, Plaintiff Pro Se
    South Woods State Prison
    Bridgeton, New Jersey  08302

**Joel A. Pisano, District Judge**

    Plaintiff, a prisoner incarcerated at South Woods State Prison, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.  Based on his affidavit of poverty, prison account statement, and the apparent absence of three dismissals within 28 U.S.C. § 1915(g), this Court (1) grants Plaintiff's application to proceed in forma pauperis as a prisoner; (2) directs the Clerk to file the Complaint without pre-payment of the filing fee; and (3) assesses the $350.00 filing fee against Plaintiff.

    The Court has reviewed the Complaint for <u>sua sponte</u> dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and concludes that

dismissal of the Complaint is required for failure to state a claim upon which relief may be granted.

## BACKGROUND

Plaintiff asserts that Defendants Evelyn Morgan, Judy M. Gagliano, Ruby Washington, Thomas Renehan and Mr. Colazzo violated Plaintiff's constitutional rights by:

(1) fabricating evidence and illegally altering pertinent documents for the purposes of Plaintiff's parole revocation hearing, and/or

(2) relying on such fabricated evidence and/or illegally altered documents during Plaintiff's parole revocation hearing, and/or

(3) intentionally concealing the fact that such fabricated evidence and/or illegally altered documents were utilized during Plaintiff's parole revocation hearing.

Plaintiff asserts that these actions caused illegal revocation of Plaintiff's New Jersey parole and incarceration of Plaintiff as a parole violator. See Compl. at 1-3, 5-9.

In the instant Complaint, Plaintiff seeks compensatory and punitive damages, as well as court fees, together with "retract[ion of] all falsifications submitted into [P]laintiff's substantial record." See id. at 10.

**STANDARD OF REVIEW**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants. However, in determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id. Thus, "[a] pro se complaint may be dismissed for failure to

state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).  Under this standard, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## DISCUSSION

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To state a claim under § 1983, a plaintiff "must indicate: (1) of what constitutional or federal right he was deprived, and (2) how he was deprived of that right under color of state law." Gibson v. Superintendent of N.J. Dept. of Law and Public Safety, 411 F.3d 427, 433 (3d Cir. 2005); see also West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152

(1970).

"When evaluating a claim brought under § 1983, we must first 'identify the exact contours of the underlying right said to have been violated' in order to determine 'whether [plaintiff] has alleged a deprivation of a constitutional right at all." Natale v. Camden County Correctional Facility, 318 F.3d 575, 581 (3d Cir. 2003) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998)); accord Gibson, 411 F.3d at 433 ("The first step in evaluating a § 1983 claim is to identify the specific constitutional right infringed."). The Court next determines whether the defendant can be held liable for that violation. Natale, 318 F.3d at 581; Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000).

Liberally construing Plaintiff's allegations, the Court reads the Complaint as asserting that Plaintiff's revocation of parole based on fabricated evidence and/or illegally altered documents deprived him of liberty in violation of due process of law.

However, the exclusive federal remedy for an inmate challenging the fact of his confinement is a petition for a writ of habeas corpus which requires the exhaustion of state court remedies. See Preiser v. Rodriguez, 411 U.S. 475 (1973). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from

5

that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser, 411 U.S. at 500; see also Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Brown v. Fauver, 819 F.2d 395 (3d Cir. 1987).

Moreover, to the extent that Plaintiff seeks monetary and injunctive relief other than release, his claims have not accrued because a favorable judgment would necessarily imply the invalidity of his revocation of parole. See Heck v. Humphrey, 512 U.S. 477 (1994).[1] Where success in a plaintiff's § 1983 damages action would implicitly question the validity of confinement, the plaintiff must first achieve favorable termination of his available state, or federal habeas, opportunities in order to obtain relief under § 1983 for the underlying decision to confine him. See Muhammad v. Close, 540 U.S. 749, 751 (2004). Because federal habeas petitions may not be granted unless available state court remedies have been exhausted, see 28 U.S.C. § 2254(b)(1)(A), "conditioning the right to bring a § 1983 action on a favorable result in state litigation or federal habeas serve[s] the practical objective of preserving limitations on the availability of habeas

---

[1] The Supreme Court held in Heck v. Humphrey, 512 U.S. 477 (1994), that an action under § 1983 seeking damages for allegedly unconstitutional conviction or incarceration is not cognizable under § 1983 unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-78.

6

remedies." Id.

Plaintiff's allegations in the instant Complaint do not indicate that his revocation of parole has been overturned or invalidated in the state courts, or called into question by the issuance of a writ of habeas corpus. Thus, at this time, Plaintiff's challenge to his revocation of parole is not cognizable under § 1983 and should be dismissed without prejudice. See Williams v. Consovoy, 453 F.3d 173 (3d Cir. 2006) (dismissing parolee's 42 U.S.C. § 1983 civil rights claim alleging improper parole revocation because the holding of Heck v. Humphrey forecloses such a suit for damages).

## CONCLUSION

The Court grants Plaintiff's application to file the Complaint in forma pauperis and DISMISSES the Complaint WITHOUT PREJUDICE.

An appropriate order accompanies this Opinion.

/s/ Joel A. Pisano
**JOEL A. PISANO, U.S.D.J.**

Dated:  November 1, 2006