**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

_____
                                       :
ANDRE FAIN,                         :
                                       :      Civil Action
                     Plaintiff,    :      06-4404 (JAP)
                                       :
              v.                     :      **O P I N I O N**
                                       :
EVELYN MORGAN, et al.,     :
                                       :
                    Defendants.   :
_____:

**APPEARANCES**:

     ANDRE FAIN, #218328/SBI, Plaintiff Pro Se
     South Woods State Prison
     Bridgeton, New Jersey 08302

**Joel A. Pisano, District Judge**.

On October 1, 2006, ANDRE FAIN (hereinafter "Plaintiff"), a prisoner incarcerated at South Woods State Prison, submitted for filing his Complaint invoking this Court's jurisdiction under 42 U.S.C. § 1983. See Docket Entry No. 1. On October 2, 2006, this Court issued an Order (hereinafter "November Order") and accompanying Opinion (hereinafter "November Opinion") dismissing Plaintiff's Complaint without prejudice. See Docket Entries Nos. 2 and 3. On December 20, 2006, Plaintiff filed his Motion for Reconsideration (hereinafter "Motion"). After carefully examining Plaintiff's Motion, this Court denies it for failure to state grounds for reconsideration.

**STANDARD OF REVIEW**

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. See United States v. Compaction Sys. Corp., 88 F. Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or as a motion for relief from judgment or order under Fed. R. Civ. P. 60(b). See id. In the District of New Jersey, Local Civil Rule 7.1(g) governs motions for reconsideration. See Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F. Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(g) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion. L. Civ. R. 7.1(g); see NL Industries, Inc. v. Commercial Union Insurance, 935 F. Supp. 513, 515 (D.N.J. 1996). The standard for reargument is high and reconsideration is to be granted only sparingly. See United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(*citing* N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court

will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. Compaction Sys. Corp., 88 F. Supp. 2d at 345; see also L.Civ.R. 7.1(g). "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F. Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F. Supp.2d at 345. Therefore, mere disagreement with the district court's decision is inappropriate on a motion for reconsideration, and should be raised through the appellate process. Id. (citing Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 859 n.8 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990)). "The Court will only entertain such a motion where the overlooked matters, if considered by the Court, might reasonably have resulted in a different conclusion." Assisted Living, 996 F. Supp. at 442. Accordingly, a district court "has considerable discretion in deciding whether to reopen a case under Rule 59(e)." Edward H. Bohlin, Co. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993).

Furthermore, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J. 1989), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include

3

matters not originally before the court.  See Bowers, 130 F. Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air National Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision. See Resorts Int'l, 830 F. Supp. at 831 n.3.  A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing.  See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

 Finally, L. Civ. R. 7.1(g) does not allow parties to restate arguments which the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  See Bowers, 130 F. Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the

parties with an opportunity for a second bite at the apple." Tishcio v. Bontex, Inc., 16 F. Supp.2d 511, 533 (D.N.J. 1998)(citation omitted).

## BACKGROUND

In its November Opinion, this Court summarized the allegations made in Plaintiff's Complaint as follows:

> Plaintiff asserts that Defendants Evelyn Morgan, Judy M. Gagliano, Ruby Washington, Thomas Renehan and Mr. Colazzo violated Plaintiff's constitutional rights by:
>
> (1) fabricating evidence and illegally altering pertinent documents for the purposes of Plaintiff's parole revocation hearing, and/or
>
> (2) relying on such fabricated evidence and/or illegally altered documents during Plaintiff's parole revocation hearing, and/or
>
> (3) intentionally concealing the fact that such fabricated evidence and/or illegally altered documents were utilized during Plaintiff's parole revocation hearing.
>
> Plaintiff asserts that these actions caused illegal revocation of Plaintiff's New Jersey parole and incarceration of Plaintiff as a parole violator. See Compl. at 1-3, 5-9.
>
> In the instant Complaint, Plaintiff seeks compensatory and punitive damages, as well as court fees, together with "retract[ion of] all falsifications submitted into [P]laintiff's substantial record." See id. at 10.

November Opinion at 2. The Court explained to Plaintiff that "the exclusive federal remedy for an inmate challenging the fact of his confinement is a petition for a writ of habeas corpus which requires the exhaustion of state court remedies. See Preiser v.

Rodriquez, 411 U.S. 475 (1973)." Id. at 5. In addition, the Court pointed out that "to the extent that Plaintiff seeks monetary and injunctive relief other than release, his claims have not accrued because a favorable judgment would necessarily imply the invalidity of his revocation of parole. See Heck v. Humphrey, 512 U.S. 477 (1994)." Id. at 6. Consequently, the Court dismissed the Complaint without prejudice. See November Order.

Petitioner's Motion, however, alleges that

> this Court overlooked and misapprehended several points . . . . Specifically, . . . this Court characterized [the Complaint] as asserting the deprivation of liberty interest based on "fabricated evidence and/or illegally altered documents" at a "parole revocation hearing." . . . [A]dmittedly, the [c]omplaint could have been clearer. The actual revocation of [P]laintiff's parole was just. The issue is that . . . [P]laintiff was denied due process of law by state officials . . . when [they] fabricated evidence and illegally altered documents to . . . classify . . . [P]laintiff for parole against a harsher parole schedule. . . . In Wilkinson v. Dotson, 125 S. Ct. 1242 (2005), the Supreme Court held that [s]tate prisoners may bring a § 1983 action for declaratory and injunctive relief . . . "where success in the action would not necessarily spell immediate or speedier release . . . ." Success [of] Plaintiff['s § 1983 claim] does not mean immediate release from confinement or a shorter stay in prison; it means . . . a parole hearing without the fabricated evidence and illegally altered documents at which the Parole Board may, in [its] discretion, . . . shorten his prison term.

Mot. at 2-3.

## **DISCUSSION**

Plaintiff's Motion indicates that Plaintiff misreads or misapplies the holding of Wilkinson v. Dotson, 125 S. Ct. 1242 (2005). While it is true that Wilkinson holds that the reason

Preiser does not always prevent claims regarding parole procedures from being brought under § 1983 is that not all such claims "would necessarily spell speedier release." 125 S. Ct. at 1248 (quoting Preiser, 411 U.S. at 489). However, the facts of Wilkinson, exemplifying such "not necessarily [a] speedier release" scenario involved allegations that the parole board's proceedings were constitutionally deficient by having too few members present and by denying the inmate an adequate opportunity to speak. See Wilkinson, 125 S. Ct. 1242. Nothing in the facts of Wilkinson indicated that the outcome of Wilkinson parole hearing would have necessarily been different had the composition of the parole board been proper or the inmate been given an adequate opportunity to speak. See id.

In contrast, Plaintiff's allegations suggest that Plaintiff's current revocation of parole was obtained through "fabricated evidence and/or illegally altered documents." Therefore, in order to grant Plaintiff the relief that Plaintiff seeks in his Motion, namely, a new parole/classification hearing,[1] this Court must

---

[1] Plaintiff's Motion indicates that, in order to conform his reconsideration claim to the holding of Wilkinson, 125 S. Ct. 1242, Plaintiff elected to retract his claim for relief in the form of compensatory and punitive damages, as well as injunctive relief in the form of "retract[ion of] all falsifications" (sought in Plaintiff's Complaint, see Compl. at 10) and substitute it with a claim for declaratory and injunctive relief in the form a new parole/classification hearing. See Mot. at 3. Inexplicably, Plaintiff now simultaneously maintains that his revocation of parole was "proper" but a new parole hearing is necessary to assess the need for Plaintiff's confinement without

necessarily establish that Plaintiff's initial revocation of parole and classification were obtained though the use of "fabricated evidence and/or illegally altered documents." Such a finding, by definition, would render Plaintiff's current confinement (or, at least, his expected term of imprisonment) invalid. The remedy sought by Plaintiff in his Motion, namely, "a parole hearing without the fabricated evidence and illegally altered documents," would necessarily result in Plaintiff's release or, at the very least, a shorter term of confinement since Plaintiff himself defined the "the fabricated evidence and illegally altered documents" as the basis for Plaintiff's current confinement. See Compl. at 2-3 (asserting that the alleged falsifications prevented Plaintiff from being released from confinement, and that Plaintiff sought removal of "fabricated evidence" in order to obtain such release).

While, in order to align his claim to the language of Wilkinson, Plaintiff drafted his Motion re-packaging his claim in terms of a new parole hearing, the essence of Plaintiff's claim remains to be Plaintiff's attempt to obtain either an immediate or a speedier release from his confinement. However,

> the . . . question . . . whether [an inmate's] success on his § 1983 action would "necessarily demonstrate" the invalidity of the Parole Board's decision to revoke his parole [should be] answer[ed] . . . in the affirmative because success on the § 1983 claim would necessarily

---

"fabricated evidence." Id. at 2-3.

>  demonstrate the invalidity of the Parole Board's decision. See White v. Gittens, 121 F.3d 803, 807 (1st Cir. 1997) (concluding that § 1983 claim based on revocation of parole was barred by Heck; "[a] favorable decision in the § 1983 proceeding would necessarily call into question the validity of the state's decree revoking [plaintiff's] parole and ordering him back to prison. Heck therefore applies, and the § 1983 action is not cognizable in a federal court"); Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir. 1997) ("Few things implicate the validity of continued confinement more directly than the allegedly improper denial of parole."). Accordingly, because the Parole Board's decision has not been rendered invalid, [the inmate] may not attack it via a § 1983 action, and the District Court's dismissal of [the inmate's] claims against [Parole Board officials] was proper.

Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. June 29, 2006).

The matter of unavailability of a § 1983 remedy for the purposes of obtaining a speedier release, even if re-packaged in the form of an application for a new parole hearing, was conclusively resolved by this Court in its November Opinion and need not be re-examined again.[2] See SPIRG v. Monsanto Co., 727 F. Supp. at 878. Plaintiff's argument that this Court erroneously concluded that the success of his § 1983 application with this Court would not necessarily imply invalidity of his current

---

[2] Substantively, Petitioner's claim is indistinguishable from those § 1983 applications that challenge a conviction alleging that the key witness for prosecution committed perjury and demanding a retrial. Such applications are uniformly deemed barred by Preiser v. Rodriquez, 411 U.S. 475 (1973), and Heck v. Humphrey, 512 U.S. 477 (1994). See, e.g., Hayes v. N.J., 2007 U.S. Dist. LEXIS 210 (D.N.J. Jan. 3, 2007); Sibdhannie v. Coffey, 2006 U.S. Dist. LEXIS 92452 (D.N.J. Dec. 21, 2006); Long v. Atl. City Police Dep't, 2006 U.S. Dist. LEXIS 73620 (D.N.J. Oct. 4, 2006).

9

confinement (or the term of his current confinement) is without merit.

This Court's November Order and November Opinion did not contain any manifest errors of law or fact upon which the judgment was based, and Petitioner neither presented any newly-discovered or previously unavailable evidence nor stated any grounds necessitating reconsideration in order to prevent manifest injustice.  Further, Petitioner has not pointed to any intervening change in prevailing law.  While Petitioner's Motion indicates Petitioner's disagreement with this Court's decision, such disagreement does not supply grounds for granting Petitioner's Motion.  See Harsco Corp., 779 F.2d at 909; Assisted Living, 996 F. Supp. at 442.

## CONCLUSION

Because this Court finds that Petitioner's Motion presented no matter overlooked in this Court's November Order and November Opinion, Petitioner's Motion will be denied.  An appropriate order accompanies this Opinion.



                                            /s/ Joel A. Pisano
                                                  **JOEL A. PISANO**
                                   **United States District Judge**

Date:  January 11, 2007